**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| **In Re:**<br><br>**INSULIN PRICING LITIGATION** | **MDL Docket No. 3080** |
|---|---|

**INTERESTED PARTY RESPONSE OF THE GOVERNMENT OF PUERTO RICO**

The Government of Puerto Rico ("Government") brought an enforcement action in San Juan Superior Court—which the pharmacy benefit manager Defendants wrongfully removed to federal court—to punish, stop, and deter violations of Puerto Rico's Fair Competition Act, 10 L.P.R.A. § 259. Specifically, the Government alleges that the Defendant insulin manufacturers and pharmacy benefit managers engaged in misleading, deceptive and unlawful activity concerning their marketing and sale of insulin products, including, but not limited to, artificially inflating the cost of insulin products. The Government opposes both the creation of a multidistrict litigation ("MDL") for law enforcement actions relating to insulin pricing and the transfer of the Government's action into the MDL.

The Government's action—like other similar law enforcement actions—provides no basis for federal jurisdiction and rightfully belongs in San Juan Superior Court. Moreover, even if there were federal jurisdiction, there would be no need to create an MDL for the handful of law enforcement actions relating to insulin pricing. As such, the Government respectfully requests that the Judicial Panel on Multidistrict Litigation deny the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

## PROCEDURAL HISTORY

On January 17, 2023, the Government filed a Complaint against Eli Lilly and Company, Eli Lilly Export S.A., Novo Nordisk Inc., Sanofi-Aventis U.S. LLC, Sanofi-Aventis Puerto Rico,

Inc., Express Scripts, Inc., CaremarkPCS Health, LLC, Caremark Puerto Rico LLC, and OptumRx Inc. (collectively, "Defendants") pursuant to Puerto Rico's Fair Competition Act, 10 L.P.R.A. § 259. On January 24, 2023, the Government filed a First Amended Complaint that contained the same parties, substantive facts, and claims as the original Complaint. *See* Pl.'s First Am. Compl., *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. SJ2023CV00319 (San Juan Sup. Ct. Jan. 24, 2023). The Government's Complaint expressly disclaims "relief relating to any federal program (*e.g.*, Medicaid, Medicare) or any contract related to a federal program." *Id*. at ¶ 23.

On March 17, 2023, Express Scripts removed the action to this Court, asserting the federal officer removal statute, 28 U.S.C. § 1442(a)(1), as the basis for removal. *See* Defendant Express Scripts' Notice of Removal, *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. 3:23-cv-01127 (D.P.R. Mar. 17, 2023), ECF No. 1 at 1. Later that day, CVS Caremark filed a Supplemental Notice of Removal that also relies on the federal officer removal statute as the sole basis for removal. Defendant CVS Caremark's Notice of Removal, *The Government of Puerto Rico v. Eli Lilly and Co., et. al.,* No. 3:23-cv-01127 (D.P.R. Mar. 17, 2023) at ECF No. 4 at 1.

On May 1, 2023, the Government filed a Motion to Remand, which is now fully briefed. Pl.'s Mot. to Remand, *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. 3:23-cv-01127 (D.P.R. Mar. 17, 2023), ECF No. 74.

On June 15, 2023, the Government's action was attached as an exhibit in a "Notice of Related Actions from JPML." This was the Government's first notice of the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

## ARGUMENT

### 1. Federal Courts Lack Jurisdiction Over the Claims at Issue in the Government's Action

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they must presume that "a cause lies outside this limited jurisdiction." *Id.* "The presumption against federal jurisdiction is especially strong in cases"—like the Government's law enforcement action against the insulin manufacturers and pharmacy benefit managers—"involving States seeking to vindicate quasi-sovereign interests in enforcing state laws and protecting their own citizens from deceptive trade practices and the like." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 385 (2014). Here, the Government has a strong interest in enforcing local laws in a state court that serves the residents of Puerto Rico.

As explained in the Government's fully briefed Motion to Remand, Express Scripts and CVS Caremark incorrectly contend that removal of the Government's action pursuant to the federal officer removal statute is proper because: (1) by administering pharmacy benefits for federal programs (TRICARE and the Federal Employees Health Benefits Program ("FEHB")) they are "acting under" federal officers; (2) there is a "causal nexus" between their actions under the direction of federal officers and the Government's claims; and (3) they have the colorable federal defenses of preemption and government contractor immunity stemming from their obligations under contracts with federal agencies. Defendant Express Scripts' Notice of Removal, *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. 3:23-cv-01127 (D.P.R. Mar. 17, 2023) ECF No. 1 at ¶¶ 26-55; Defendant CVS Caremark's Supplemental Notice of Removal, *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. 3:23-cv-01127 (D.P.R. Mar. 17, 2023) at ECF No. 4 at ¶¶ 17-40. The Government of Puerto Rico has expressly disclaimed

claims relating to federal programs. Indeed, the Government's First Amended Complaint specifically referenced two federal health benefit programs (Medicaid and Medicare) as examples to which its disclaimers applied.[1] Pl.'s First Am. Compl., *The Government of Puerto Rico v. Eli Lilly and Co., et. al.*, No. SJ2023CV00319 (San Juan Sup. Ct. Jan. 24, 2023) at ¶ 23. Accordingly, none of Defendants' arguments apply and there is no basis for removal.

The United States District Court in the Central District of California recently remanded a similar lawsuit filed by the State of California. *See California v. Eli Lilly and Co.*, No. 2:23-cv-01929-SPG-SK (C.D. Ca. 2023) (order granting pl.'s mot. to remand) (attached as Exhibit A). In remanding the case, the court declined to address whether the PBMs' conduct under agreements with TRICARE and FEHB programs was sufficient to establish that they were "acting under" the direction of the government. *Id.* at 10. Instead, the court examined the impact and efficacy of the State's disclaimer and waiver of claims related to federal programs. *Id*. at 11-14. The court found that California's disclaimer and waiver—which mirror the Government's disclaimers and waivers—sufficiently "negate any causal nexus that might otherwise have existed between Plaintiff's claims and the Removing Defendants' conduct on behalf of the government." *Id*. at 14. For the same reasons, the Government's enforcement action should likewise be remanded to San Juan Superior Court.

Transfer to an MDL prior to the district court's ruling on the Government's remand motion will only cause delay. Br. In Supp. of Pl.'s Mot. to Remand, *In Re: Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378 (S.D.N.Y. 2014), ECF No. 25 at 3 (noting that the defendant's

[1] At this time, the Government takes no position on whether Express Scripts and CVS Caremark are "acting under" federal officers when performing services relating to TRICARE and FEHB programs pursuant to contracts with federal agencies. Because the Government's First Amended Complaint expressly has not asserted claims pertaining to federal health benefit programs, they are outside the scope of this action.

motion to transfer had delayed rulings on plaintiff's motion to remand between eight months and three years depending on the filing date of the transferred actions). Therefore, the Government requests that the JPML decline to transfer this appropriately filed state court action so that the pending motion to remand may be promptly decided and the action may proceed in a court with subject matter jurisdiction.

**2. It Is Not Appropriate to Consolidate State Government Enforcement Actions Relating to Insulin Pricing**

**A. Consolidation of Attorney General Anticompetition Claims Is Impermissible Under § 1407**

Under the recently enacted State Antitrust Enforcement Venue Act of 2022, the Government's case is exempted from a transfer under Section 1407 because the Government asserts claims under its state antitrust law, the Competition Act, 10 L.P.R.A. § 259, against the Defendants.

The State Antitrust Enforcement Venue Act of 2022 modified 28 U.S.C. § 1407(g) and (h) through the following revisions (additions in italics, deletions in strikethrough):

> (g) Nothing in this section shall apply to any action in which the United States *or a State* is a complainant arising under the antitrust laws. "Antitrust laws" as used herein include those acts referred to in the Act of October 15, 1914, as amended (38 Stat. 730; 15 U.S.C. 12), and also include the Act of June 19, 1936 (49 Stat. 1526; 15 U.S.C. 13, 13a, and 13b) and the Act of September 26, 1914, as added March 21, 1938 (52 Stat. 116, 117; 15 U.S.C. 56~~); but shall not include section 4A of the Act of October 15, 1914, as added July 7, 1955 (69 Stat. 282; 15 U.S.C. 15a).~~
>
> ~~(h) Notwithstanding the provisions of section 1404 or subsection (f) of this section, the judicial panel on multidistrict litigation may consolidate and transfer with or without the consent of the parties, for both pretrial purposes and for trial, any action brought under section 4C of the Clayton Act.~~

The Government's case falls under this exemption for two reasons. First, the addition of "or a State" now renders actions by a state exempt from MDL transfers, as was already the case with actions by the federal government. Second, Section 1407 now also includes consumer

protection claims by referencing actions commenced or defended by the Federal Trade Commission or United States Attorney General under 15 U.S.C. § 56 in its definition of "antitrust laws." Thus, notwithstanding the use of the term "antitrust," Section 1407's definition refers to both federal antitrust *and* consumer protection laws.

This interpretation is supported by the fact that Section 1407(g) does not limit its definition of "antitrust laws" but rather speaks inclusively to certain types of laws. In addition, the common meaning of the term "antitrust laws" frequently includes state laws and often emphasizes the importance of those (like Puerto Rico's Fair Competition Act) regulating anticompetitive activities. For example, in a letter supporting the Antitrust Enforcement Venue Act of 2022, Federal Trade Commission Chairwoman Lina Khan recognized that "the rationale for exempting federal enforcers from multi-district transfers applies equally to state enforcers."[2]

Any contrary interpretation of the amendments to Section 1407 would yield illogical results whereby a State could avoid an MDL by asserting claims under federal antitrust or consumer protection statutes but find itself consolidated in an MDL by asserting analogous state law claims thereby losing its choice of forum.[3]

### B. <u>The Movants Have Not Met Their Burden To Show Consolidation Is Necessary in Any Event</u>

Even if Section 1407 applied, consolidation under this provision "should be the last solution after considered review of all other options." *In re Linear Gadolinium-Based Contrast Agents Prods. Liab. Litig.*, 341 F. Supp. 3d 1381, 1382 (J.P.M.L. 2018) (citing *In re Best Buy Co.*,

[2] Chairwoman Khan Letter to Senate Members Re State Antitrust Enforcement Venue Act of 2022, available at https://www.ftc.gov/system/files/ftc_gov/pdf/khanlettersenatestateantitrustenforcementvenueact.pdf (downloaded July 7, 2023).

[3] This is further supported by the fact that States commonly allege their analogous statutes in lieu of federal causes action because the State is frequently an indirect purchaser who would not have standing under federal laws. *See e.g.*, *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (holding that a state lacks standing as an indirect purchaser under the Sherman Antitrust Act). Thus, for the State Antitrust Enforcement Venue Act to have any practical effect, the reference to "these" "antitrust laws" must necessarily contemplate state as well as federal laws.

*Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011)). In considering whether consolidation is an appropriate solution under Section 1407, the Panel considers whether "cooperation and informal coordination are practicable alternatives to centralization." *In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act (TCPA) Litig. (No. III)*, 278 F. Supp. 3d 1371, 1373 (J.P.M.L. 2017). The Panel also considers whether common factual questions are "sufficiently complex" such that "substantial benefit may accrue to courts and litigants through consolidated or coordinated pretrial proceedings." *In re Multidistrict Civ. Antitrust Actions involving the Distribution of Scotch Whiskey*, 299 F. Supp. 543, 544 (J.P.M.L. 1969) (quoting Senate Report 454 to accompany S. 159, pages 4-5). In cases like this one where there are a limited number of actions, the Panel also has held that the moving party "bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming" that it will benefit the parties and the court. *Id.* These considerations strongly weigh against consolidation in this matter.

Starting with whether cooperation and informal coordination between parties is preferable to formal consolidation in an MDL, the Panel has held that where the plaintiffs in several actions are represented by common counsel—like the actions sought to be consolidated here—this weighs in favor of proceeding under a system of informal coordination of pretrial activities and discovery. *See In re Covidien Hernia Mesh Prods. Liab. Litig.*, 481 F. Supp. 3d 1348, 1349 (J.P.M.L. 2020); *In re: Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (declining to consolidate claims into an MDL where the significant overlap of common counsel minimized the possibility of duplicative discovery and/or inconsistent pretrial rulings). These circumstances are reflected under the present motion where the Movants, who are the only parties in favor of consolidation, are represented by the same outside counsel.

The Movants argue that consolidation will promote coordination of insulin pricing related actions by letting a single judge "address [] overlapping discovery in an organized manner and avoid costly duplication of efforts and judicial resources." ECF No. 1-1 at 7. However, the parties in the proposed MDL are already informally cooperating on pretrial issues, discovery, and depositions. ECF No. 36 at 7; ECF 37 at 8-10. In addition, non-parties, such as the State of California, have acknowledged the necessity of informal coordination moving forward. *See California v. Eli Lilly and Co.*, No. 23-cv-01929, ECF No. 56 at 17-18 (proposed schedule by the State acknowledges the potential coordination of overlapping discovery with insulin actions filed by other Attorneys General). Likewise, the Government recognizes the similarities between its action and the other actions for the proposed MDL and commits to coordinating its efforts (to the extent appropriate) with those actions to ensure efficient use of the parties' resources.

In determining whether common issues of fact are sufficiently complex as to warrant formal consolidation, the Panel has held that "significant state-specific" factual and legal differences in "state law claims" asserted in Scheduled Actions precludes efficient consolidation. *In re Uber Techs., Inc., Wage & Hour Emp. Pracs. Litig. (Uber No. II)*, 2554 F. Supp. 3d. 1376, 1378 (J.P.M.L. 2017). Nor is it sufficient to merely allege there is ***some*** factual overlap in claims. Instead, the Panel has previously declined to consolidate cases where differences in the alleged facts and claims outweigh the factual overlap among some of the actions. *See In re Nat'l Rifle Ass'n Bus. Expenditures Litig.*, 521 F. Supp. 3d 1353, 1353 (J.P.M.L. 2021).

The Plaintiffs who filed the present motion argue that consolidation will promote the "just and efficient conduct" of insulin pricing related actions due to the similarity of the defendants and the facts at issue. *See* ECF No. 1 at 5-10. However, each Attorney General, including the Government, has alleged claims under their own jurisdiction's individual consumer protection

statutes, which have their own distinct elements and are subject to interpretation under different bodies of case law. *In re Litig. Practice Grp.*, 2023 U.S. Dist. LEXIS 19337 at *2 (J.P.M.L. 2023) ("There are additional variations among the claims that weigh against centralization. Plaintiffs… assert claims under six different states' credit services, debt relief, or other consumer protection statutes, whose terms and requirements vary."). These differences are best left for government entities to navigate in their home courts which are far more familiar with the interpretation and nuances of local laws—particularly when there are so few enforcement actions pending. The State of California's case, which is the largest of the law enforcement cases, will proceed outside of any MDL, and the State of Louisiana likewise is seeking remand. *See* Pl.'s Mot. to Remand, *The State of Louisiana v. Sanofi-Aventis U.S. LLC, et. al.*, No. 3:23-cv-00302 (M.D. La. May, 19, 2023), ECF No. 24. This will further limit the benefits of formal consolidation. As such, the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings should be denied and this sovereign enforcement action should be permitted to proceed in the Government's local courts without delay.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court deny the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

Dated: July 7, 2023

Respectfully submitted,

**DOMINGO EMANUELLI**
**SECRETARY OF JUSTICE**
**DEPARTMENT OF JUSTICE OF PUERTO RICO**

/s/ *Jenna N. Forster*
**JENNA N. FORSTER**

Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel. (202) 748-0624
Fax (202) 232-5513
jforster@motleyrice.com

**GUARIONEX DÍAZ MARTÍNEZ**
Assistant Secretary
Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-2900
gdiaz@justicia.pr.gov

**ANDRÉS W. LÓPEZ**
THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.
P.O. Box 13909
San Juan, PR 00908
Tel. (787) 294-9508
andres@awllaw.com

**LINDA SINGER**
**ELIZABETH PAIGE BOGGS**
Motley Rice LLC
401 9th Street, NW, Suite 630
Washington, DC 20004
Tel. (202) 386-9626
Fax (202) 386-9622
lsinger@motleyrice.com
pboggs@motleyrice.com

**Proof of Service**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that I caused the foregoing Interested Party Response of the Government of Puerto Rico to be filed with the Clerk of the Court using the Judicial Panel on Multidistrict Litigation's ECF system providing notification to all necessary parties.

Dated: July 7, 2023

Respectfully submitted,

/s/ *Jenna N. Forster*

**JENNA N. FORSTER**
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel. (202) 748-0624
Fax (202) 232-5513
jforster@motleyrice.com